UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 97-CR-08138-MARTINEZ

UNITED STATES OF AMERICA,

v.

TIMOTHY WHITE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court for a status conference and initial appearance on a superseding petition for offender under supervision [DE 71] on July 12, 2023. The Defendant, Timothy White, appeared at the status conference, represented by counsel. The Court hereby advises as follows:

1. At the start of the status conference, the Defendant (through counsel) indicated that he had reached an agreement with the Government. Pursuant to the agreement, the Defendant agreed to admit to violations #2 and 3 alleged in the superseding petition in exchange for the Government dismissing violation #1 and agreeing to a joint recommendation as to sentencing (detailed below). The parties jointly indicated that they wished for the undersigned to receive the Defendant's admissions immediately and submit a report & recommendation to the District Judge.

2. The undersigned conducted an initial appearance on the superseding petition, advising the Defendant of the violations alleged in the superseding petition [DE 71]. The Government, in conjunction with the United States Probation Officer, advised the Defendant of the maximum possible penalties the Court could impose upon an admission and revocation of

his term of supervised release.  After being advised of the alleged violations and possible penalties, the Defendant reiterated that he wished to admit the violations before the undersigned.  The undersigned reminded the Defendant that he did not need to admit the violations and was entitled to a hearing before the United States District Judge wherein the Government would need to prove the alleged violations by a preponderance of evidence.

3. The undersigned then conducted a colloquy to ascertain whether the Defendant's decision to admit to violations 2 and 3 was a knowing and voluntary decision.  Based on the Defendant's responses, I found that his choice to admit to violations 2 and 3 was knowing and voluntary, based on the advice of counsel and free from any coercion, with awareness of the possible penalties and consequences of admission.

4. Defendant acknowledged that he was fully satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

5. The Defendant admitted to violation 2 (failing to refrain from a violation of law by committing the offense of Petit Theft, in violation of Florida Statute 812.014(1)) and violation 3 (failure to satisfy the court-ordered fine).

7. The Government orally summarized the factual basis for the violations on the record, which was sufficient to find that the Defendant had committed violations 2 and 3.  The Defendant acknowledged that the Government's factual basis was true and accurate to the best of his knowledge.

8. The parties jointly recommended that, in light of the Defendant's admission, the District Judge impose sentence as follows: revoke the Defendant's term of supervised release, reinstate that term of supervised release with the term expiring *nunc pro tunc* to March 21, 2023

(i.e. with no further supervision to follow), and dismiss violation #1 in the superseding petition. The parties urged that the District Judge accept this joint recommendation and enter the recommended sentence without any further hearing.[1]

Accordingly, based upon the foregoing and the colloquy conducted by this Court, the undersigned hereby **RECOMMENDS**:

(1) that Defendant, TIMOTHY WHITE, be found to have freely, knowingly, and voluntarily admitted to violations 2 and 3 of the superseding petition;

(2) that his admissions be accepted;

(3) that he be adjudged to have violated the terms of his supervised release, and;

(4) that the U.S. District Judge determine the appropriate remedy upon consideration of the parties' joint recommendation (described above).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file any written objections with U.S. District Judge Jose E. Martinez. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. *See Resolution Tr. Corp. v. Hallmark Builders. Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (I.O.P.-3)

---

[1] The undersigned is merely reporting the parties' joint recommendation. The undersigned makes no recommendation about whether the District Judge should accept or reject the parties' joint recommendation or whether the District Judge should hold a final hearing or not.

DONE AND SUBMITTED in Chambers at Fort Lauderdale in the Southern District of Florida, this 12th day of July 2023.

*Jared Strauss*
JARED M. STRAUSS
U.S. MAGISTRATE JUDGE